

**FILED**
AUG 29 2013
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| LANA FURMAN, | ) | File No. Civ. 13-5063 |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT |
| FINCOR SOLUTIONS, | ) | |
| Defendant. | ) | |

COMES NOW the plaintiff, by and through her attorney Mike Abourezk, and hereby states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Lana Furman is a resident of Rapid City, South Dakota.

2. The Defendant FinCor Solutions is a company located and with their primary place of business in the state of Michigan.

3. The amount in controversy exceeds $75,000. Jurisdiction is proper under 28 USC § 1332, diversity of citizenship.

**NATURE OF THE CASE**

4. Lana Furman worked for Black Hills Surgery Center from July 2002 until February 2007.

5. The Defendant FinCor Solutions provided workmen's compensation insurance for Black Hills Surgery Center at the time of the Plaintiff's employment.

1

6. On August 23, 2006 Plaintiff injured her back while acting in the course of her employment, transferring a patient from a portable unit onto a bed.

7. Plaintiff sought medical care and incurred medical expenses as a result of the injury.

8. The Plaintiff continued to suffer pain for several months following the injury, and an MRI eventually revealed a disk herniation and chronic compression fractures at T12 and L1.

9. Plaintiff's treating physician, Dr. Dietrich, assessed permanent impairment and said it was due to the injury that she sustained while working at BHSC.

10. FinCor Solutions arranged to have Lana Furman see Dr. Farnham on June 23, 2007. Dr. Farnham is not board certified in physical medicine, having failed the examination on several occasions, and doesn't treat patients. He is widely known as regularly and routinely providing opinions to insurance companies that reduce the insurer's claim payments.

11. Dr. Farnham predictably provided a report saying that:

> The preponderance of the medical documentation presented to the examiner is not supportive of a causal relationship between Claimant's current symptomatology with respect to headache and mid and upper back pain and discomfort to the incident of August 23, 2006.

12. Dr. Farnham recommended discontinuation of further treatment.

13. Following Dr. Farnham's report, FinCor Solutions discontinued payment for any appointments or medication that resulted from the Plaintiffs back injury.

14. On October 17, 2007 the Plaintiff, through her attorney Michael Simpson, filed a Petition for Hearing with the Department of Labor (DOL) in order to restore her right for payment of medical bills and prescriptions by workman's compensation.

15. Meanwhile, FinCor offered to settle for a 2 ½ percent impairment payment and the reimbursement of medical expenses up to her termination date in February 2007. This offer was further conditioned on a release of any future medical expenses for Lana.

16. The Plaintiff declined the settlement offer and on October 23, 2008 the DOL issued a decision in favor of Lana Furman, adopting the findings of her treating physician, Dr. Dietrich, and rejecting the opinions of Dr. Farnham.

17. After the Department of Labor decision confirming Lana Furman's right and entitlement to payment of her medical expenses and benefits, her attorney wrote to FinCor several times asking for payment.

18. FinCor delayed payment until February 11, 2009.

19. On November 5, 2010 Lana Furman's attorney notified FinCor that Lana had suffered a flare-up of her back condition and had temporarily been placed on restrictions to part-time work, again making her eligible for temporary partial disability benefits under her worker's compensation insurance coverage.

20. FinCor again scheduled Lana Furman for an evaluation by Dr. Farnham on February 26, 2011.

21. Dr. Farnham issued another report, saying that he continued to maintain "all of my positions as stated in my prior IME report."

22. Despite the fact that these factual issues had already been decided by the Department of Labor, and FinCor had not appealed, FinCor again discontinued payment of Lana Furman's medical treatment.

23. On July 13, 2011, Lana Furman's attorney wrote to FinCor through its attorney, asking the reasons for denial. FinCor did not respond.

24. Plaintiff's attorney once again wrote to the Defendants on August 19, 2011. FinCor did not respond again.

25. On September 14, 2011, Lana Furman's attorney wrote a third time. Three weeks later, FinCor's attorney wrote back saying Lana Furman's claim had been denied on April 21, 2011, based on Dr. Farnham's report.

26. FinCor's denial forced Lana Furman to again file a Petition for Hearing before the DOL dated February 9, 2012.

27. In its Answer FinCor made a blanket denial of everything Lana Furman said in her petition, despite the fact that many of these issues had already been litigated and decided already, from which FinCor had not appealed.

28. The DOL scheduled a hearing for June 22, 2012. Shortly before the hearing, FinCor agreed to pay Lana Furman's medical bills and continue medical treatment.

29. FinCor then sent a stipulation for Lana Furman to sign, but it wasn't what the parties had agreed on. It purported to release any claim for attorney fees and did not clearly acknowledge Lana Furman's right to continued coverage for her injury related medical expenses. That required still further work and expenditure of time by Lana Furman's attorney.

30. FinCor has repeatedly denied benefits without any reasonable basis, and with knowledge of a lack of reasonable basis.

31. FinCor has acted with fraud, malice, and oppression, making punitive damages appropriate.

32. As a proximate result of FinCor's conduct, Plaintiff has been harmed as follows:

- delay in payment of her medical expenses;
- delay and obstruction in her medical care;
- loss of use of her benefits;
- emotional upset, aggravation, annoyance, and embarrassment;
- attorney fees and expenses that should have been unnecessary.

33. Defendant has shown a reckless disregard of Lana Furman's interests, failed to comply with the duty to perform a reasonable investigation, ignored communications asking for information about her benefits, and repeatedly withheld benefits and medical expenses without a reasonable basis, making punitive damages appropriate.

WHEREFORE, Plaintiff seeks the following relief:

1. Compensatory damages in an amount to be determined at trial.

2. Punitive damages in an amount to be determined at trial.

3. Prejudgment interest as allowed by law.

4. Attorney's fees and costs incurred in the efforts to force Fincor to comply with its obligations.

5. Other relief as deemed appropriate and necessary by either the Court or the jury.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated this ___27___ day of August, 2013.

By: _____
Mike Abourezk
Attorneys for Plaintiff
Post Office Box 9460
2020 W. Omaha St.
Rapid City, South Dakota 57709
(605) 342-0097